1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,

12         Plaintiff,

13         v.

14  DAVID JAMAR PICOU,

15         Defendant.

16

Case No.  1:14-mj-00196-SAB-1

ORDER RE: DEFENDANT'S MOTIONS

ECF NO. 33, 34, 35, 40

17      On October 1, 2015, Defendant David Jamar Picou ("Defendant") filed three motions: a

18  motion to dismiss, a motion to exclude expert witness, and a motion for discovery.  (ECF Nos.

19  33, 34. 35.)  The motions were set to be heard on October 15, 2015.

20      On October 13, 2015, Plaintiff United States of America ("the Government") filed

21  oppositions to the motions.  (ECF Nos. 36, 37, 38.)  The same day, Defendant filed a motion to

22  strike the opposition briefs.  (ECF No. 40.)  Also on the same day, the Government filed an

23  opposition to the motion to strike.  (ECF No. 41.)

24      The hearing on all four motions took place on October 15, 2015.  Erin Snider appeared on

25  behalf of Defendant.  Bayleigh Pettigrew appeared on behalf of the Government.  For the reasons

26  set forth below, Defendant's motion to dismiss is granted, Defendant's motion to exclude the

27  Government's expert witness is partially granted, Defendant's motion for discovery is denied as

28  moot, and Defendant's motion to strike the Government's opposition briefs is granted.

1

**I.**

**BACKGROUND**

The original criminal complaint in this action was filed on November 6, 2014. (ECF No. 1.) The original criminal complaint raised two counts against Defendant: 1) for operating a motor vehicle under the influence of alcohol, or a drug in violation of 36 C.F.R. § 4.23(a)(1), and 2) for driving a motor vehicle with a driver's license suspended for driving under the influence, in violation of 36 C.F.R. § 4.2 and California Vehicle Code § 14601.2(a).

The criminal complaint alleges that on August 25, 2014 at approximately 2:55 p.m., Defendant was observed driving a white Ford Expedition with no visible registration and which appeared to traveling approximately 40 miles per hour in a 25 mile per hour zone. Defendant was also observed passing over double yellow lines twice.

Ranger Jod Booker initiated a traffic stop. Ranger Booker immediately observed that Defendant's eyes were blood shot and hazy. When asked for his license, registration, and proof of insurance, Defendant informed Ranger Booker that the vehicle was recently purchased and registration was in process. Defendant further told Ranger Booker that his license had been taken from him because he failed to pay a speeding ticket in Nevada.

Ranger Booker contacted dispatch with Defendant's information and then approached the vehicle to see if Defendant's adult passenger, N.P., had a valid driver's license. Ranger Booker returned to his vehicle and learned that both Defendant's and N.P.'s licenses were suspended. Ranger Booker approached the vehicle again to speak to N.P. and noticed the odor of alcoholic beverages. Defendant told Ranger Booker that he had been drinking around 9:30 a.m. and 10:30 a.m. Ranger Booker told Defendant to step out of the vehicle and sit next to the patrol vehicle to run tests. Ranger Booker called for an additional unit for assistance, resulting in Ranger Tom Parrack's arrival.

A field sobriety test was administered, resulting in six of six clues of intoxication in the horizontal gaze nystagmus test, three of eight clues in the walk and turn test, and one of four clues in the one leg stand. Defendant consented to a breath test, which indicated that he had a blood alcohol concentration of 0.06%.

2

1    While the breath test was administered, Ranger Parrack asked dispatch why Defendant's

2  license was expired.  Sequoia Kings County dispatch informed Ranger Parrack that Defendant's

3  license was suspended for a failure to appear on a DUI charge.

4    On June 3, 2015, an Information was filed wherein the second count was changed from a

5  violation of California Vehicle Code § 14601.2(a) (driving a motor vehicle with a driver's

6  license suspended for driving under the influence) to a violation of California Vehicle Code §

7  14601.1(a) (driving a motor vehicle with a driver's license suspended for other reasons).

8    On July 16, 2015, Defendant filed a motion to dismiss.  Defendant argued that the

9  Government failed to preserve the dispatch tapes from the August 25, 2014 incident.  Defendant

10  argued that this failure to preserve evidence was significant, as Defendant was initially charged

11  with driving a motor vehicle with a driver's license suspended for driving under the influence,

12  and the dispatch tapes were the only evidence that Defendant had a prior DUI.  The Court denied

13  the motion, but admonished the Government for failing to preserve clearly relevant evidence.

14    On September 23, 2015, a Superseding Information was filed.  The Superseding

15  Information raises five charges against Defendant, 1) for operating a motor vehicle under the

16  influence of alcohol, 2) for driving a motor vehicle while driver license is suspended, 3) failing

17  to comply with the directions of a traffic control device, 4) operating a vehicle at a speed in

18  excess of the speed limit, and 5) operating a motor vehicle without due care (tailgating).

19    Defendant argues that the extra charges added to the Superseding Information filed on

20  September 23, 2015 violated Defendant's due process rights because they were raised in

21  retaliation for Defendant's assertion of his right to file a motion to dismiss.  Defendant further

22  argues that the Government's expert witness fails to provide sufficient detail required under

23  Federal Rule of Criminal Procedure 16(d)(2).  Defendant further argues that the Government

24  failed to produce calibration records for the speedometer used in Ranger Booker's patrol vehicle.

25  Finally, Defendant argues that the Government's untimely oppositions to Defendant's motions

26  should be stricken.

27  / / /

28  / / /

3

**II.**

**DISCUSSION**

**A.      Defendant's Motion to Strike the Government's Oppositions**

Defendant argues that the Government's oppositions should be stricken and disregarded because they are untimely.  Local Rule 430.1(d) governs the briefing schedule for criminal motions, and states, in pertinent part:

> (d)      Opposition.  The responding party shall file and serve an opposition brief and any accompanying affidavits or documentary evidence on all other parties within seven (7) days.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral argument if that party has not timely filed an opposition to the motion. See L.R. 135.

In this case, Defendant's motions were filed on October 1, 2015.  The Government's oppositions were filed on October 13, 2015—more than seven days after the filing of Defendants' motions.

In their opposition to Defendant's motion to strike, the Government argues that Defendant's motions were procedurally defective because Defendant's own motions were filed untimely.  This argument fails for a number of reasons.  First, the adage, "two wrongs do not make a right" applies here.  Any procedural defect related to untimeliness with respect to Defendant's motions does not excuse the Government's own untimeliness.  Second, the Government arguably waived any objection to the untimeliness of Defendant's motions, as the Government failed to raise the issue of the timeliness of Defendant's motions in the oppositions they filed on October 13, 2015.  The Government did not raise any issue regarding the timeliness of Defendant's motions until after Defendant filed the motion to strike the Government's oppositions.  Third, Defendant's motions were not untimely.  Local Rule 430.1 provides that pretrial motions shall be filed within twenty-one (21) days after arraignment unless a different time is specifically prescribed by the Court.  Arraignment has not yet occurred on the charges raised in the Superseding Information filed on September 23, 2015 and a different time has not been prescribed by the Court.  Given the fact that Defendant's motion to dismiss challenged the

4

1   new charges raised in the Superseding Information filed on September 23, 2015, it would border

2   on absurdity to consider the motion filed eight days after the Superseding Information was filed

3   to be untimely.  Defendant's motions were not untimely.

4         Furthermore, as the Court mentioned previously, even assuming that Defendant's

5   motions were untimely, the Government is still required to comply with the Court's Local Rules

6   regarding the briefing schedule and raise any procedural defects in Defendant's motions via a

7   timely filed opposition.  The Government failed in this regard on two counts: first, the

8   Government did not file a timely opposition, and second, the Government did not even raise the

9   issue of Defendant's untimeliness in their oppositions.

10        The Government states that it filed its oppositions on October 13, 2015 in "accord[ance]

11  to the most recent motion schedule authorized by this Court, simply moving the dates forward."

12  This argument is unconvincing.  While it is true that the Court set a specific motion briefing

13  schedule for the motion to dismiss filed by Defendant on September 16, 2015 (see ECF No. 23),

14  nothing in the Court's order indicates that the same briefing schedule applied to all future

15  motions.  Furthermore, "simply moving the dates forward" makes absolutely no sense in this

16  context.  The Court gave the Government fifteen (15) days to respond to Defendant's July 16,

17  2015 motion to dismiss.  Moving those dates forward and applying that same time frame to

18  Defendant's October 1, 2015 motions would make the Government's opposition due on October

19  16, 2015—the day after the hearing on the same motions.  This would create a potentially absurd

20  situation where oral argument on the motions would take place before the Government filed its

21  opposition to the same motions.  Obviously, the Government found this result to be absurd, as

22  they filed their oppositions on October 13, 2015.  Furthermore, the briefing schedule set by the

23  Local Rules are designed to give the Court time to review the briefing prior to oral argument and

24  the issuance of a ruling.  The Government's assumptions regarding the briefing scheduling for

25  Defendant's motions would give the Court no time whatsoever to review the briefing.   The

26  Court finds the Government's excuse without a plausible foundation.

27        The Government has not asked the Court to consider its untimely filings under the

28  excusable neglect standard.  See Fed. R. Crim. P. 45(b)(1)(B).  Regardless, the Court finds no

1    excusable neglect here, for the same reasons set forth above.[1]   The Court rejects the

2    Government's excuse for failing to file their oppositions on time or at least requesting an

3    extension of time to respond.  Accordingly, the Court will grant Defendant's motion to strike and

4    the Government's oppositions will be disregarded.

5              **B.      Defendant's Motion for Discovery**

6              At the hearing on October 15, 2015, the Government indicated that it had produced all of

7    the materials requested that were in the Government's possession and Defendant accepted that

8    written representation.  Accordingly, the Defendant's motion for discovery will be denied as

9    moot.

10             **C.      Defendant's Motion to Exclude the Government's Expert Witness**

11             Defendant argues that the Government's expert witness should be excluded because the

12   Government failed to provide sufficient detail in their disclosure notice to comply with the

13   requirements of Federal Rule of Criminal Procedure 16.   At the hearing, in light of the

14   government's initial expert disclosure the Court ordered the government to supplement it

15   responses by providing the defendant with more detailed information regarding the expert

16   witness' opinions, the bases and reasons for those opinions, and the witness's qualifications.

17   Accordingly, the Court will partially grant Defendant's motion and order the Government to

18   send Defendant an amended notice with the information discussed at the hearing by October 16,

19   2015 at 10:00 a.m.

20             **D.      Defendant's Motion to Dismiss**

21             Defendant argues that the new charges raised in the Superseding Information filed by the

22   Government on September 23, 2015 should be dismissed.  Defendant argues that these new

23   charges were tacked on by the Government on the eve of trial in retaliation for Defendant filing a

24   motion to dismiss.  Defendant notes that this case was previously scheduled to go to trial on July

25   24, 2015.  Defendant sought and obtained a continuance of the trial date on July 16, 2015, eight

26

27   [1]  In addition, at the hearing, counsel for the Government advised the Court that she was out of the office when the motion was filed and did not return until Tuesday, October 6, 2015--in advance of the opposition deadline of October 8.  Counsel had sufficient time then to either file the opposition or at a minimum seek relief from the
28   deadline by asking for additional time to respond based upon the circumstances.

1    (8) days before trial was scheduled to begin, and the Government made no indication that it was

2    going to add additional charges against Defendant.  Defendant argues that if the Government had

3    no intention of pursuing additional charges on July 16, 2015, eight days before the originally

4    scheduled trial, the inference is that Defendant's motion to dismiss filed in the interim triggered

5    the Government's desire to pursue additional charges against Defendant.

6            "A prosecutor violates due process when he seeks additional charges solely to punish a

7    defendant for exercising a constitutional or statutory right."  U.S. v. Gamez-Orduno, 235 F.3d

8    453, 462 (9th Cir. 2000).  A criminal defendant may establish prosecutorial vindictiveness by

9    producing direct evidence of the prosecutor's punitive motivation or, alternatively, a criminal

10   defendant is entitled to a presumption of vindictiveness if he or she can show that increased

11   charges were filed because he or she exercised a statutory, procedural, or constitutional right in

12   circumstances that give rise to an appearance of vindictiveness.  U.S. v. Jenkins, 504 F.3d 694,

13   699 (9th Cir. 2007).  To establish a presumption of vindictiveness, a criminal defendant need

14   only demonstrate a reasonable likelihood that the government would not have brought the

15   increased charges but for the defendant's exercise of his specific legal rights.  Id. at 699-700.

16   "The mere appearance of prosecutorial vindictiveness suffices to place the burden on the

17   government because the doctrine of vindictive prosecution 'seeks[s] to reduce or eliminate

18   apprehension on the part of an accused' that she may be punished for exercising her rights."  Id.

19   at 700 (quoting United States v. Ruesga-Martinez, 534 F.2d 1367, 1369 (9th Cir. 1976)).

20           "Vindictiveness claims are, however, evaluated differently when the additional charges

21   are added during pretrial proceedings, particularly when plea negotiations are ongoing, than

22   when they are added during or after trial."  Gamez-Orduno, 235 F.3d at 462.  "Although

23   'prosecutorial conduct that would not have occurred but for hostility or a punitive animus

24   towards the defendant because he has exercised his specific legal rights' violates due process in

25   the pretrial setting as it does at other stages, [citation], in the context of pretrial plea negotiations

26   vindictiveness will not be presumed simply from the fact that a more severe charge followed on,

27   or even resulted from, the defendant's exercise of a right."  Id. (quoting United States v.

28   Gallegos-Curiel, 681 F.2d 1165, 1169 (9th Cir. 1982)).

1    The additional charges were raised in the Superseding Information filed on September

2  23, 2015, less than a month prior to the trial scheduled on October 19, 2015.  While the Court

3  acknowledges that prosecutors are given extra leeway during pretrial proceedings because the

4  threat of increased or additional charges can be permissibly used as leverage in plea negotiations,

5  see Gamez-Orduno, 235 F.3d at 462, it is notable that no plea negotiations took place

6  immediately before or after the filing of the Superseding Information.  According to Defendant,

7  the last plea offer was extended by the Government in August 2015.  No plea offer was extended

8  after the Superseding Information was filed.  Significantly, according to Defendant, the

9  Government never suggested that the additional charges added in the September 23, 2015

10  Superseding Information would be forthcoming if Defendant did not accept a plea.  Accordingly,

11  if the additional charges brought by the Government were a negotiation tactic, it was a poorly

12  executed tactic.

13    Further distinguishing the facts here from Gamez-Orduno, there is no indication that the

14  additional charges in the Superseding Information were added as a result of prosecutorial review

15  or continuing investigation, as the information which served as the basis of the additional

16  charges appears to have been known by the Government since the original criminal complaint

17  was filed on November 6, 2014.  Accordingly, the facts here are more comparable to the facts in

18  U.S. v. Jenkins, 504 F.3d 694 (9th Cir. 2007), where the evidence supporting the additional

19  charges brought by the government was in the government's possession for an extended period

20  of time, and presented the government with an open and shut case, yet the government did not

21  decide to bring additional charges against the defendant until after the defendant exercised her

22  right to testify at her trial on the other charges.

23    Looking at the circumstances as a whole, the Court finds that Defendant has

24  demonstrated a "reasonable likelihood" of prosecutorial vindictiveness.  There was no indication

25  that additional charges were forthcoming in July 2015, when this case was eight days away from

26  trial.  There was no indication that Defendant was made aware that additional charges could be

27  forthcoming as a negotiation tactic during plea bargaining.  The record shows that the

28  Government did not bring the additional charges until after Defendant filed a motion to dismiss.

8

1    Although the motion to dismiss was denied, the Court admonished the Government for allowing

2    relevant evidence to be destroyed. Accordingly, the filing of additional charges against

3    Defendant after the Court's admonishment of the Government did establish the "mere

4    appearance" and hence the "reasonable likelihood" requirement of <u>Jenkins</u>. <u>Jenkins</u>, 504 F.3d at

5    699-700.

6    　　　Since Defendant has carried its burden in demonstrating a "reasonable likelihood" of

7    prosecutorial vindictiveness, the burden shifts on the Government to present objective evidence

8    which dispels the appearance of vindictiveness. However, the Government forfeited the

9    opportunity to present such evidence by failing to file a timely opposition and failing to establish

10   excusable neglect for their late filing. Accordingly, the Court has no choice but to grant the

11   motion to dismiss the Superseding Information. The Government shall be permitted to proceed

12   only on the charges raised in the prior Information.[2]

13   　　　　　　　　　　　　　　　　　　**III.**

14   　　　　　　　　　　　**CONCLUSION AND ORDER**

15   　　　Based upon the foregoing, the Court finds that the Government's oppositions to

16   Defendant's motions were untimely and the Government failed to establish excusable neglect for

17   their late filing. Accordingly, the Court will disregard the Government's opposition. The Court

18   further finds that the issues raised in Defendant's motion for discovery are moot based upon the

19   parties' representations at the hearing. The Court finds that the Government's notice regarding

20   its expert witness was deficient for the reasons discussed at the hearing. Finally, the Court finds

21   that Defendant has demonstrated a reasonable likelihood that the additional charges brought in

22   the Superseding Information were brought in retaliation for the filing of Defendant's motion to

23   dismiss and the Government forfeited their right to rebut Defendant's showing by failing to file a

24   timely opposition.

25   / / /

---

26   [2] Although the issue was not addressed in the parties' briefing, it appears the proper remedy in cases involving
     prosecutorial vindictiveness is dismissal of the additional charges without prejudice to the Government's ability to
27   pursue the older charges. In <u>U.S. v. Jenkins</u>, 504 F.3d 694, 698 n.1 (9th Cir. 2007), the Ninth Circuit affirmed the
     dismissal of the indictment with the additional charges without vacating the defendant's conviction on the other
28   charges, which were in fact affirmed upon appeal.

1    Accordingly, it is HEREBY ORDERED that:

2    1.    Defendant's motion to strike the Government's oppositions is GRANTED and the

3          Government's oppositions to Defendant's motion for discovery, motion to

4          exclude expert witness, and motion to dismiss are DISREGARDED;

5    2.    Defendant's motion for discovery is DENIED AS MOOT;

6    3.    Defendant's motion to exclude the Government's expert witness is PARTIALLY

7          GRANTED.  The Government shall provide Defendant with an amended notice

8          with the additional information discussed at the hearing no later than October 16,

9          2015 at 10:00 a.m.; and

10   4.    Defendant's motion to dismiss the Superseding Information is GRANTED.  The

11         Government's September 23, 2015 Superseding Information is DISMISSED and

12         this action shall proceed solely on the charges raised in the Information filed on

13         June 3, 2015.

14

15   IT IS SO ORDERED.

16   Dated:    **October 19, 2015**    _____

17                                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28